UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X    **IN ADMIRALTY**
IN THE MATTER OF THE COMPLAINT OF                  :
                                                                              :    **14 Civ. 1262 (PAC)**
BOUCHARD TRANSPORTATION CO., INC., et al.,  :
                                                                              :
------------------------------------------------------------------
                                                                              :
POWER AUTHORITY OF THE STATE OF               :
NEW YORK,                                                              :
               *Plaintiff*                                       :
                                                                              :
               *-against-*                                       :    **14 Civ. 0617 (PAC)**
                                                                              :
THE TUG M/V ELLEN S. BOUCHARD, et al.,        :
               *Defendants*                                   :
                                                                              :
------------------------------------------------------------------
                                                                              :
POWER AUTHORITY OF THE STATE OF               :
NEW YORK,                                                              :
               *Plaintiff*                                       :
                                                                              :
               *-against-*                                       :    **14 Civ. 4462 (PAC)**
                                                                              :
THE TUG M/V ELLEN S. BOUCHARD, et al.         :    **OPINION AND ORDER**
               *Defendants*                                   :
                                                                              :
------------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

       Plaintiffs, the Power of Authority of New York ("NYPA"), the Long Island Lighting Co. d/b/a LIPA, and NYPA's underwriters, move to enforce the previously entered Confidentiality Order (14-cv-1262 Dkt. 67) against Defendants, Bouchard Transportation Co., Inc. and affiliated companies, upon discovering that Defendants' counsel disclosed Attorneys Eyes Only ("AEO") material to Defendants' expert witness, William A. Byrd. Non-party Prysmian, which produced the documents at issue on the condition that they be marked AEO, joins in this request. Defendants admit that they violated the Confidentiality Order.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/28/18

As a remedy, Plaintiffs request that the Court strike Byrd's expert's report and disqualify him from any further involvement in this matter. Prysmian also requests that the Court: award Prysmian its attorneys' fees incurred in responding to this violation; enjoin Defendants and their counsel from further violations and disclose the extent of their existing violations; order Byrd to return all AEO material to Prysmian; enjoin Byrd from disseminating any confidential information he may have learned; and enjoin Byrd from consulting for any of Prysmian's customers or competitors for a period of time. Defendant resists on the ground that the Confidentiality Order should never have been entered and that the Court should modify it *nunc pro tunc*.

The Court denies Defendants' request to modify the Confidentiality Order *nunc pro tunc*. *Nunc pro tunc* "refers to a court's inherent power to enter an order having retroactive effect." *Iouri v. Ashcroft*, 487 F.3d 76, 86 (2d Cir. 2007). "It is a far-reaching equitable remedy applied in certain exceptional cases, typically aimed at rectifying any injustice to the parties suffered by them on account of judicial delay." *Id.* (quotations and alterations omitted). No such judicial delay occurred here. Defendants had ample time to seek modification of the Confidentiality Order if they wished to provide AEO material to their expert. Instead, they admittedly violated the order, and now ask the Court to excuse the violation. The Court declines to do so.

The Court finds that striking the Byrd report and disqualifying Byrd from further involvement in this matter is an appropriate remedy under Federal Rule of Civil Procedure 37. "[A] protective order issued under Rule 26(c) can be enforced through Rule 37(b)." *Koch v. Greenberg*, 07-cv-9600, 2011 WL 13260757, at *8 (S.D.N.Y. Aug. 16, 2011) (citation omitted). Relief available under Rule 37 includes "precluding the party from supporting its claims or introducing certain matters in evidence." *Scantibodies Lab., Inc. v. Church & Dwight Co.*, 14-

cv-2275, 2016 U.S. Dist. LEXIS 154396, at *56 (S.D.N.Y. Nov. 4, 2016) (citing Fed. R. Civ. P. 37(b)(2)(A)). Such relief necessarily includes an order striking the Byrd report and disqualifying Byrd from any further involvement. *See, e.g., Koch*, 2011 WL 13260757 at *11 (holding that preclusion of confidential documents was warranted where such documents were disclosed to expert in violation of court order); *Allergan, Inc. v. Sandoz, Inc.*, 2:09-cv-97, 2:09-cv-182, 2:09-cv-348, 2:09-cv-200, 2011 WL 2563238, at *2-3 (E.D. Tex. June 28, 2011) (striking expert report and precluding expert from testifying at trial where party presenting expert inadvertently disclosed confidential information to expert in violation of court order). This disposition is without prejudice to Defendants' right to argue that the costs of repair were excessive and that Plaintiffs should have taken competitive bids for the repair project.

The Court also awards attorneys' fees to Prysmian under Rule 37, which provides that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to follow the discovery order], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(c). Nothing suggests that the conduct of Defendant's counsel was justified or that a fee award would be unjust. The terms of the Confidentiality Order were clear and unambiguous: AEO means *attorney's* eyes only. Counsel admitted at conference that the disclosure occurred because he neglected to mention the existence of the AEO materials when documents were going to Byrd. Upon learning of this violation, Counsel also failed to notify the Court or offer to remedy the violation in any way. Accordingly, the Court grants Prysmian's request for attorneys' fees. *See Hunt v. Enzo Biochem, Inc.*, Nos. 06-cv-170, 06-cv-213, 06-cv-6347, 2011 WL 4840713, at *5-6 (S.D.N.Y. Oct. 12, 2011) (awarding attorneys' fees where court order was "clear and unambiguous," proof of noncompliance was "clear and

convincing," violator "failed to take even basic precautions to protect the confidential materials," and violator did not ask recipient to return the confidential materials).

The Court enjoins Defendants and their counsel from further violations of the Confidentiality Order, and orders them to disclose the scope of the existing violations. The Court also enjoins Byrd from disseminating any confidential information he may have learned, and orders him to return all AEO material in his possession. The Court may enforce the Confidentiality Order in this manner under Rule 65(d)(2) and the Court's inherent powers. *See Hunt v. Enzo Biochem, Inc.*, 904 F. Supp. 2d 337, 344 (S.D.N.Y. 2012) (holding that courts have inherent power to enforce confidentiality orders by enjoining parties and any third parties "who are in active concert or participation" with the parties (citing Fed. R. Civ. P. 65(d)(2)); *Eli Lilly & Co. v. Gottstein*, 617 F.3d 186, 196 (2d Cir. 2010) (holding that injunction against third party was "a perfectly appropriate device to foreclose further dissemination of the confidential documents produced under the protective order").

The Court declines to enjoin Byrd from consulting with any of Prysmian's customers or competitors for a period of time. The Court will not restrict Byrd's business activities in this manner, given that nothing suggests that Byrd committed any wrongdoing, and he has not been heard on the issue. Nevertheless, under its inherent powers, the Court orders Byrd to disclose to Prysmian any consultations he has in the next six months, so that Prysmian can monitor whether Byrd is disseminating Prysmian's confidential information.

In conclusion, the Court awards the following relief:

1. The Byrd report is stricken, and Byrd is disqualified from further involvement in this matter;

2. Defendants and its counsel are ordered to pay Prysmian's reasonable attorney's fees for all activity undertaken in response to Defendants' violation of the Confidentiality Order;

3. Defendants and their counsel are enjoined from future violations of the Confidentiality Order, and they are ordered to disclose the scope of their existing violations;

4. Byrd is ordered to return all AEO material to Prysmian;

5. Byrd is enjoined from disseminating any confidential information he may have learned; and

6. Byrd is ordered to disclose to Prysmian any client consultations he has in the next six months.

Dated: New York, New York
      March 28, 2018

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge